# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

March 14, 2024

*<u>Via Electronic Filing</u>*
The Hon. Gary Stein, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re: *Rillera v. Andy Frain Services, Inc. et al*
         Case No.: 1:22-cv-07357-JGLC-GS

Dear Honorable Magistrate Judge Stein:

  This law firm represents Plainitff Samayia Rillera, on behalf of herself and others similarly situated in the proposed FLSA Collective Action (the "Plainitff"), in the above-referenced matter. This letter is submitted jointly with counsel for Plainitff Ronald Williams (the "Plainitff").

  Pursuant to Your Honor's Individual Motion Practice Rules, this letter respectfully serves to provide the Court with a status update in the above-referenced matter.

  On November 15, 2022 [Dckt. No. 13], the Court so-ordered that certain Stipulation, referring this action to arbitration, pursuant to the terms of an arbitration agreement, dated July 14, 2021 (the "Arbitration Agreement"), by and between Plaintiff and Defendants Andy Frain Services, Inc. and David H. Clayton (together, the "Defendants"). November 15, 2022 Order stayed the instant action, pending the disposition of the arbitration.

  On or around January 19, 2023, the parties commenced an arbitration with the American Arbitration Association (the "AAA"), captioned *Rillera v. Andy Frain Services, Inc. et* al [01-23-0000-2478] (the "Arbitration")"

  On April 19, 2023, counsel for Defendants emailed the undersigned, and the AAA a copy of a signed acknowledgement receipt of a demand for arbitration. In the April 19, 2023 email, Defendants' counsel represented that he would "request that the filing fee be paid."

  On April 20, 2023, the AAA emailed the parties a letter, reminding Defendants' of their filing fee obligations. The April 20th correspondence stated, in pertinent part, as follows:

> **"Per the agreement submitted with this filing, the employer is responsible for payment of the full filing fee, $2,450.00. Accordingly, we request that the employer submit payment in the amount of $2,450.00 on or before May 4, 2023. Upon receipt of the balance of the filing fee, the AAA will proceed with administration."**

(Emphasis in original).

On May 4, 2023, the undersigned emailed Defendants' counsel as follows:

"Michael,

As a courtesy reminder, today is your client's deadline to remit the full filing fee of $2,450.

Please advise on the status of the payment, to avoid unnecessary Court intervention."

On May 5, 2023, the AAA emailed the parties a letter, once again reminding Defendants' of their filing fee obligations. The May 5th correspondence stated, in pertinent part, as follows:

We have not yet received payment from the employer to cover their portion of the filing fee, as described in our letter dated April 20, 2023. **The employer is requested to pay $2450.00 to the AAA by May 19, 2023.** The employer's share of the fee is due regardless of whether the case settles.

(Emphasis in original).

Via email on May 5, 2023, May 8, 2023 and May 22, 2023, the undersigned emailed Defendants' counsel to inquire on the status of the filing fee.

On May 22, 2023, the AAA emailed the parties a letter, once again, reminding Defendants' of their filing fee obligation. The May 22nd email stated, in pertinent part, as follows:

"We still have not received the respondent's filing fee in the amount of $2450.00. Absent receipt of payment on May 30, 2023, the AAA will close this file.

On May 25, 2023, the undersigned emailed Defendants' counsel as follows:

"Your client has repeatedly failed to honor their commitments to pay the arbitration filing fee of $2,450.

Please be advised that if the payment is not received by tomorrow (5/26), we will be forced to file an emergency motion to lift the arbitration stay, together with attorneys' fees and costs. We will also be seeking to enforce our client's full rights under the FLSA and NYLL for, *inter alia,* moving for conditional certification of a collective action of all similarly situated employees. *See Brown et al v. Peregrine Enterprises, Inc. dba Rick's Cabaret New York et al* [22-cv-01455] at Dckt. No. 54 (granting motion to lift arbitration stay and denying Defendants' cross-motion to strike collective action claims)

Please advise on the status of the payment, to avoid unnecessary Court intervention."

On February 5, 2024, the AAA dismissed the Arbitration, for non-payment.

The AAA provided Defendants to, through and including, March 13, 2024, to deposit the sums for arbitrator compensation and administrative fees, in advance of the hearings.

As of the date of this filing, Defendants have refused to pay the AAA fees, and the Arbitration has been dismissed.

In light of the foregoing, it is respectfully requested that the Court schedule an initial case conference, to set a discovery schedule, as well as a briefing schedule for Plaintiff's contemplated motion for conditional certification of a collective action of all similarly situated employees. *See Brown et al v. Peregrine Enterprises, Inc. dba Rick's Cabaret New York et al*, Case No.: 22-cv-01455 at Dckt. No. 54 (granting motion to lift arbitration stay and denying Defendants' cross-motion to strike collective action claims).

Thank you, in advance, for your time and attention to this matter.

    Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By: */s/ Jason Mizrahi*
        Jason Mizrahi, Esq.
        60 East 42nd Street, Suite 4700
        New York, New York 10165
        Tel. No.:  (212) 792-0048
        Email: Jason@levinepstein.com
        *Attorneys for Plaintiff*

VIA ECF: All Counsel